UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

2011 CIVIL ACTION NO.

LAWRENCE WATSON )
    **Plaintiff** )
    v. )
COMMISSIONER ED DAVIS )
    In his individual and official capacity )
MAYOR THOMAS MENINO )
    In his individual and official capacity )
BOSTON POLICE DEPARTMENT )
CITY OF BOSTON )
    **Defendants** )

11 CA 10093 JLT

MAGISTRATE JUDGE Bowler

## COMPLAINT AND DEMAND FOR JURY TRIAL

### COMPLAINT

1. This is a civil rights action for the violation of the Plaintiff's constitutional rights to equal protection of the law, due process and to petition the government. For more than 15 years, in its complicity with state officers of the Commonwealth to conspire to violate Plaintiff's constitutional rights because he is a male, Defendant Boston Police Department, its officers and its employees have refused to investigate Plaintiff's complaints of criminal acts that were committed against him by third parties and to initiate criminal prosecution against third parties who have committed criminal acts against Plaintiff. For more than 4 years, Defendant Boston Police Department, its officers and its employees have refused to grant

Plaintiff access to its interdepartmental documents as required by Massachusetts Law and as ordered by the Commonwealth's Department of Public records. For more than 15 years Defendants Menino and City of Boston has refused to initiate investigative measures and to take corrective measures regarding the aforementioned actions of Defendant Boston Police Department, its officers and its employees. For more than 3 years Defendants Davis has refused to initiate investigative measures and to take corrective measures regarding the aforementioned actions of Defendant Boston Police Department, its officers and its employees.

2. Plaintiff Lawrence Watson alleges that Defendants Commissioner Ed Davis, and Mayor Thomas Menino oppressed and conspired to oppress the Plaintiff in the free exercise and enjoyment of his rights and privileges secured to him by the Constitutions of the Commonwealth of Massachusetts and the United States. Further the Plaintiff alleges that Defendants Davis and Menino were complicit in the oppression and conspiracy to oppress Plaintiff in the free exercise and enjoyment of his rights and privileges secured to him by the Constitutions of the Commonwealth of Massachusetts and the United States because each

maintained a policy, custom, or practice of improper
and inadequate investigation and discipline of acts of
misconduct by officers and employees of Defendant
Boston Police Department under his respective
supervision, superintendence and maintenance. Further
the failure and refusal of Defendants Davis and Menino
to properly oversee, supervise and maintain officers
and employees of Defendant Boston Police Department,
for which said defendants were respectively
responsible, created the policies, customs and
practices that resulted in complicit tolerance and
authorization of continuing misconduct against the
Plaintiff, the feeling of impunity among officers and
employees of Defendant Boston Police Department that
the constitutional rights of Plaintiff could be
violated without accountability and the deprivation of
the Plaintiff's constitutional rights. Further the
Plaintiff alleges that at all times Defendants Davis
and Menino, individually and/or severally, acted under
the color of law to deprive willfully the Plaintiff of
his rights, privileges or immunities secured or
protected by the Constitution and the laws of the
United States and the Commonwealth of Massachusetts
and/or to allow the willful deprivation of the

Plaintiff's rights, privileges or immunities secured or protected by the Constitution and the laws of the United States and the Commonwealth of Massachusetts.

3. Plaintiff alleges that Defendants Boston Police Department and City of Boston maintain a policy, custom, and practice of inadequate and improper supervision and maintenance of its officers and employees that created the feeling of impunity among officers and employees of Defendant Boston Police Department that the constitutional rights of Plaintiff could be violated without accountability.

## PARTIES

1. Lawrence Watson, herein the Plaintiff, is a resident of Boston, Massachusetts in Suffolk County and a resident of the United States of America

2. Defendant Ed Davis was at all times relevant to this complaint an employee of Defendant Boston Police Department and the supervisor of Defendant Riley. He is being sued in his individual and official capacity as Commissioner of Defendant Boston Police Department, a department/division/agency of Defendant City of Boston.

3. Defendant Thomas Menino was at all times relevant to this complaint an employee of Defendant City of Boston

and the immediate supervisor of Defendant Davis. He is being sued in his individual and official capacity as Mayor of Defendant City of Boston, a municipality of the Commonwealth of Massachusetts.

4.    Defendant Boston Police Department was at all times relevant to this complaint a department/division/ agency of Defendant City of Boston, a municipality of the Commonwealth of Massachusetts.

5.    Defendant City of Boston was at all times relevant to this complaint a municipality and duly organized city of the Commonwealth of Massachusetts.

## JURISDICTION

1. Jurisdiction is based upon Title 42 U.S.C. 1981, Title 42 U.S.C. 1983, Title 42 U.S.C. 1985, Title 42 U.S.C. 1986, and Title 42 U.S.C. 1988. Title 18 U.S.C. 1331 and Title 28 U.S.C. 1343 provide federal question jurisdiction over all federal claims, and Title 28 U.S.C. 1367 provides supplemental jurisdiction over on the pendent jurisdiction of This Court to entertain a claim arising under state law

## STATEMENT OF FACTS

1. For more than 15 years, Defendant Boston Police Department, its officers and its employees have refused to investigate Plaintiff's complaints of criminal acts that were committed against him by third

parties and to investigate properly and to initiate criminal prosecution against individuals who have committed criminal acts against Plaintiff.

2. For more than 15 years Defendant Boston Police Department has been complicit in the conspiracy to harass, to persecute, and to maliciously prosecute and to violate the constitutional rights of Plaintiff because he is male and for his opposition to the discriminatory practices of the Commonwealth against males involved in domestic disputes with females. Said conspiracy was initiated by state officers of the Commonwealth of Massachusetts

3. As a result of Defendant Boston Police Department's complicity in the aforementioned conspiracy and violation of Plaintiff's equal protection rights under Article I and X of the Massachusetts Declaration of Rights and the Fourteenth Amendment of the U.S. Constitution, on August 21, 2006 Plaintiff informed Defendant Boston Police Department of his desire to inspect its Rules Book and interdepartmental documents on policies and procedures.

4. On account of Defendant Boston Police Department's refusal to allow Plaintiff proper access to its Rule Book and interdepartmental documents on policies and

procedures, on June 19, 2007 Plaintiff wrote Defendant Davis, seeking his assistance in compelling Defendant Boston Police Department to comply with M.G.L. c.4, s7 and to allow Plaintiff access to the BPD Rule Book and interdepartmental documents on policies and procedures. Defendant Davis failed and refused to respond to Plaintiff's request and took no action regarding the Plaintiff's request

5. On May 28, 2008 Kevin McClerkin illegally entered Plaintiff's residence at 11 Lucerne Street/58 Floyd Street [the "Property"] in Dorchester and stole, converted and maliciously destroyed several items of Plaintiff's property. Plaintiff had resided at the Property with his paternal grandmother Minnie Holmes since 1995 and alone since 2000

4. On May 30, 2008 Plaintiff discovered the identity of the trespasser of the Property and the motive. Kevin McClerkin, acting as executor of the Estate of Betty Jean McClerkin, claimed to be an heir of the Property, which was owned by Plaintiff's paternal grandmother, Minnie Holmes; Minnie Holmes passed away on June 15, 2004.

5. Later in the day on May 30, 2008 Plaintiff attempted to file criminal complaints against Kevin McClerkin at

Station B-3 of Defendant Boston Police Department but was denied by officers of Station B-3.

6. After several letters to Defendants Davis and Menino and multiple conversations with employees of Defendant Boston Police Department, Station B-3 filed a request with the Dorchester District Court for an evidentiary hearing against McClerkin, pursuant to M.G.L. c218, s35A

7. The investigating officer of Defendant Boston Police Department that was assigned to represent Plaintiff in the evidentiary hearing against McClerkin pursuant to M.G.L. c218, s35A refused to interview witnesses of McClerkin's criminal actions against Plaintiff and to subpoena said witnesses to the evidentiary hearing. Due to the conspiracy by state officers of Dorchester District Court to violate the Plaintiff's constitutional rights, the actions of the investigating officer of Defendant Boston Police Department, and the complicity of Defendant Boston Police Department in the conspiracy by state officers of Dorchester District Court to violate the Plaintiff's constitutional rights, a criminal complaint against McClerkin was not issued

8. As a result of the actions of officers of Station B-3 and the investigating officer of the criminal complaint against McClerkin, Plaintiff filed a complaint with the Internal Affairs division of Defendant Boston Police Department against Station B-3, its officers and employees. Plaintiff also sent notice of the complaint to Defendants Davis and Menino.

9. To date, Defendant Boston Police Department, Davis, Menino and City of Boston refuse to allow Plaintiff access to Defendant Boston Police Department's Rule Book and interdepartmental documents on policies and procedures, as required by M.G.L. c4, s7 and as ordered by the Commonwealth's Department of Public Records

10.    To date, Defendant Boston Police Department and its employees and officers refuse to investigate adequately and properly any criminal complaints that are filed by Plaintiff and to arrest and/or to initiate criminal prosecution any individuals who have committed criminal acts against Plaintiff

11.    To date the Internal Affairs division of Defendant Boston Police Department has refused to act on Plaintiff's complaint against officers and

employees of Defendant Boston Police Department,
denying him access to Defendant City of Boston's
Community Ombudsman Oversight Panel, which reviews the
complaints submitted to the Internal Affairs division
of Defendant Boston Police Department

12.    Since 1995, state officers of the Commonwealth
have violated and conspired to violate Plaintiff's
constitutional rights pursuant to Title 18 U.S.C. 241,
Title 18 U.S.C. 242 and Title 42 U.S.C. 1983 because
he is male and for his opposition to the
Commonwealth's discriminatory practices against males
involved in domestic disputes.

13.    Since 1995, Defendant Boston Police Department,
its officers and its employees have been complicit in
the Commonwealth's conspiracy to violate Plaintiff's
constitutional rights, pursuant to Title 18 U.S.C.
241, Title 18 U.S.C. 242 and Title 42 U.S.C. 1983, by
refusing to provide Plaintiff with equal protection of
the law because Plaintiff is male

14.    Since 1995, Defendant Menino has been complicit
in the conspiracy to violate Plaintiff's
constitutional rights pursuant to Title 18 U.S.C. 241,
Title 18 U.S.C. 242 and Title 42 U.S.C. 1983 by

failing to address the actions of Defendant Boston
Police Department, its members and its employees

15.     Since 2007, Defendant Davis has been complicit in
the conspiracy to violate Plaintiff's constitutional
rights pursuant to Title 18 U.S.C. 241, Title 18
U.S.C. 242 and Title 42 U.S.C. 1983 by failing to
address the actions of Defendant Boston Police
Department, its members and its employees

16.     Since 1995, Defendant City of Boston has been
complicit in the conspiracy to violate Plaintiff's
constitutional rights pursuant to Title 18 U.S.C. 241,
Title 18 U.S.C. 242 and Title 42 U.S.C. 1983 by
failing to address the misconduct of Defendant Boston
Police Department, its members and its employees

17.     Defendants Boston Police Department, Davis,
Menino and City of Boston had an obligation to train
properly the officers and employees of Defendant
Boston Police Department on the Commonwealth's public
records statutes and to assure compliance with said
statutes

18.     Defendants Boston Police Department, Davis,
Menino and City of Boston had a policy or custom of
indifference to misconduct by officers and employees
of Defendant Boston Police Department by failing to

11

investigate properly complaints of misconduct and to
discipline said officers and employees. Further
Defendants Boston Police Department, Davis, Menino and
City of Boston had a policy or custom of tolerating a
"code of silence" or "blue wall" in which said
officers and employees understood that they were not
to report misconduct by fellow officers

19.     Defendants Boston Police Department, Davis,
Menino and City of Boston have developed a policy or
custom of making it difficult for citizens to file
complaints pertaining to the conduct of officers of
Defendant Boston Police Department, as acknowledged by
the Community Ombudsman Oversight Panel and documented
in the local media

20.     As a direct result of or in part result of the
Defendants' misconduct cited above, Plaintiff endured
deprivation of his constitutional right to petition
the government, access to the courts and to due
process.  Plaintiff needed access to Defendant Boston
Police Department's Rules Book and interdepartmental
documents on policies and procedures as evidence in
matters in the courts of the Commonwealth. Also the
Community Ombudsman Oversight Panel has informed
Plaintiff that it cannot address, review or consider

Plaintiff's complaints regarding the violation of his
constitutional rights by officers and employees of
Defendant Boston Police Department until the Internal
Affairs division of Defendant Boston Police Department
act on Plaintiff's original complaint.

21.    As a direct result of or in part result of the
Defendants' misconduct cited above, Plaintiff has been
denied equal protection to the law and lives in
constant fear of unrestrained victimization by third
parties

22.    As a direct result of or in part result of the
Defendants' misconduct cited above, Plaintiff suffered
deprivation of property and liberty interests, the
theft, conversion, loss and destruction of his
personal property, unemployment for a significant time
period, loss of wages, extreme impoverishment,
homelessness, and physical, mental, and financial
duress and stress that arose from the failure of
Defendants to arrest Kevin McClerkin for the breaking
and entering of Plaintiff's residence, the malicious
destruction, larceny and conversion of plaintiff's
property which included his work occupational tool.
Kevin McClerkin committed the aforementioned criminal
offenses over the period of several weeks after

Plaintiff notified Defendant Boston Police Department of Mcclerkin's initial criminal acts.

## COUNT I: VIOLATION OF 42 U.S.C SECTION 1981 BY DEFENDANTS BOSTON POLICE DEPARTMENT, DAVIS, MENINO, AND CITY OF BOSTON

23.     The Plaintiff restates the allegation in paragraphs 1 through 22 and incorporates said paragraphs herein as paragraph 23

24.     Defendant Boston Police Department has refused to allow Plaintiff proper access to its Rule Book and interdepartmental documents on policies and procedures and refused to arrest and/or initiate prosecution against any individual who has committed a criminal offense against Plaintiff because he is a male

25.     Defendants Davis and Menino are complicit in the aforementioned discriminatory acts by Defendant Boston Police Department against Plaintiff and supervisor liable for their repeated refusal and failure to address the aforementioned actions of Defendant Boston Police Department, its officers and its employees

26.     The repeated refusal of Defendant City of Boston to implement strict rules, procedures and policies to address the discriminatory practices of Defendant Boston Police Department, its employees and its

officers in Defendant Boston Police Department's
service to male victims of crimes made Defendant City
of Boston complicit in the discrimination against
Plaintiff as a male

27.     As a direct and proximate result of Defendants'
actions, plaintiff suffered the damages above

**COUNT II: VIOLATION OF 42 U.S.C SECTION 1983 REGARDING
DUE PROCESS AND FIRST AMENDMENT RIGHTS BY DEFENDANTS
BOSTON POLICE DEPARTMENT, DAVIS, MENINO, AND CITY OF
BOSTON**

28.     The Plaintiff restates the allegation in
paragraphs 1 through 27 and incorporates said
paragraphs herein as paragraph 28

29.     Plaintiff informed Defendants Davis and Menino of
the refusal of Defendant Boston Police Department to
allow Plaintiff access to Defendant Boston Police
Department's Rules Book and interdepartmental
documents on policies and procedures but received no
response from either party

30.     The repeated refusal of Defendant Boston Police
Department to allow Plaintiff proper access to its
Rule Book and interdepartmental documents on policies
and procedures violated Plaintiff's constitutional
rights under Article I and XII of the Massachusetts

Declaration of Rights and the First and Fourteenth
Amendments of the U.S. Constitution. Plaintiff needed
the requested documents from Defendant Boston Police
Department to petition the court to address the
violation of Plaintiff's constitutional rights by
state officers of the Commonwealth and Defendant
Boston Police Department.

31.     The repeated refusal of Defendants Davis and
Menino to compel Defendant Boston Police Department to
allow Plaintiff proper access to Defendant Boston
Police Department's Rule Book and interdepartmental
documents on policies and procedures violated
Plaintiff's constitutional rights under Article I and
XII of the Massachusetts Declaration of Rights and the
First and Fourteenth Amendment of the U.S.
Constitution. Defendant's Davis and Menino are
supervisory liable for the actions of Defendant Boston
Police Department, its officers and its employees

32.     The repeated refusal of Defendant City of Boston
to implement strict rules and procedures to address
the failure of Defendant Boston Police Department to
comply with M.G.L. c218, s35A and M.G.L. c4, s7
violated Plaintiff's constitutional rights under
Article I, X and XII of the Massachusetts Declaration

of Rights and the First and Fourteenth Amendment of the U.S. Constitution and maintained a policy that created the atmosphere that made Defendants Boston Police Department, Davis and Menino feel that they could violate Plaintiff's constitutional rights with impunity. Defendant City of Boston had been notified repeatedly of the actions of Defendant Boston Police Department, its officers and its employees but failed to take action.

33.     As a direct and proximate result of Defendants' actions, Plaintiff suffered the damages above

**COUNT III: VIOLATION OF 42 U.S.C SECTION 1983 REGARDING EQUAL PROTECTION BY DEFENDANTS BOSTON POLICE DEPARTMENT, DAVIS, MENINO, AND CITY OF BOSTON**

34.     The Plaintiff restates the allegation in paragraphs 1 through 33 and incorporates said paragraphs herein as paragraph 34

35.     Plaintiff reported the refusal of the officers and employees of Station B-3 of Defendant Boston Police Department to arrest and/or to initiate prosecution against individuals who have committed criminal offenses against Plaintiff to Defendants Boston Police Department, Davis, Menino and/or City of

Boston including, but not limited to, the following
instances

 a. Plaintiff informed Defendants Boston Police
Department, Davis and Menino of the refusal of
Station B-3 to arrest and/or to initiate
prosecution against Johnnie Smith for malicious
destruction of Plaintiff's property, pursuant
to M.G.L. c266, s127.

 b. Plaintiff informed Defendants Boston Police
Department and Menino of the refusal of Station
B-3 to arrest and/or to initiate prosecution
against Sherry Walker for harassing and
threatening phone calls against Plaintiff,
pursuant to M.G.L. c265, s43A

 c. Plaintiff informed Defendants Boston Police
Department and Menino of the refusal of Station
B-3 to arrest and/or to initiate prosecution
against Sherry Walker for malicious destruction
of Plaintiff's property, pursuant to M.G.L.
c266, s127, and larceny over $250.00, pursuant
to M.G.L. c266, s30.

 d. Plaintiff informed Defendants Boston Police
Department and Menino of the refusal of Station
B-3 to arrest and/or to initiate prosecution

against Sherry Walker for non-compliance of a
probate court order pertaining to visitation
pursuant to M.G.L. c265, s26A.

e.    Plaintiff informed Defendants Boston Police
Department, Davis and Menino of the refusal of
Station B-3 to arrest and/or to initiate
prosecution against Kevin McClerkin for
malicious destruction of Plaintiff's property,
pursuant to M.G.L. c266, s127, and larceny over
$250.00, pursuant to M.G.L. c266, s30

36.    The repeated refusal of Defendant Boston Police
Department to initiate investigative and corrective
measures regarding Plaintiff's complaints that its
employees and its officers were refusing to arrest
and/or to initiate prosecution against any individual
who committed criminal acts against Plaintiff in
complicity to conspire to violate Plaintiff's
constitutional rights violated Plaintiff's
constitutional rights under Article I and X of the
Massachusetts Declaration of Rights and the First and
Fourteenth Amendment of the U.S. Constitution.
Plaintiff informed Defendant Boston Police Department
of the misconduct of Defendant Boston Police

Department, its officers and employees on several
occasions

37.    The repeated refusal of Defendant Davis to
initiate investigative and corrective measures
regarding Plaintiff's complaints that Defendant Boston
Police Department, its employees and its officers were
refusing to arrest and/or to initiate prosecution
against any individual who committed criminal acts
against Plaintiff in Defendant Boston Police
Department's complicity to conspire to violate
Plaintiff's constitutional rights violated Plaintiff's
constitutional rights under Article I and X of the
Massachusetts Declaration of Rights and the First and
Fourteenth Amendment of the U.S. Constitution.
Plaintiff informed Defendant Davis of the misconduct
of Defendant Boston Police Department, its officers
and employees.

38.    The repeated refusal of Defendant Menino to
initiate investigative and corrective measures
regarding Plaintiff's complaints that Defendant Boston
Police Department, its employees and its officers were
refusing to arrest and/or to initiate prosecution
against individual who committed criminal acts against
Plaintiff in Defendant Boston Police Department's

complicity to conspire to violate Plaintiff's
constitutional rights violated Plaintiff's
constitutional rights under Article I and X of the
Massachusetts Declaration of Rights and the First and
Fourteenth Amendment of the U.S. Constitution.
Plaintiff informed Defendant Menino of the misconduct
of Defendant Boston Police Department, its officers
and employees on several occasions

39.     The repeated refusal of Defendant City of Boston
to initiate investigative and corrective measures and
to institute policies, customs and procedures
regarding Plaintiff's complaints that Defendant Boston
Police Department, its employees and its officers were
refusing to arrest and/or to initiate prosecution
against individual who committed criminal acts against
Plaintiff in Defendant Boston Police Department's
complicity to conspire to violate Plaintiff's
constitutional rights violated Plaintiff's
constitutional rights under Article I and X of the
Massachusetts Declaration of Rights and the First and
Fourteenth Amendment of the U.S. Constitution.
Defendant City of Boston was aware of the misconduct
of Defendant Boston Police Department, its employees
and its officers for more than a decade.

40.    As a direct and proximate result of Defendants'
actions, plaintiff suffered the damages above

**COUNT IV: VIOLATION OF 42 U.S.C SECTION 1985 BY
DEFENDANTS BOSTON POLICE DEPARTMENT, DAVIS, MENINO AND
CITY OF BOSTON**

41.    The Plaintiff restates the allegation in
paragraphs 1 through 40 and incorporates said
paragraphs herein as paragraph 41

42.    Plaintiff reported the refusal of the officers
and employees of Station B-3 of Defendant Boston
Police Department to arrest and/or to initiate
prosecution against individuals who have committed
criminal offenses against Plaintiff to Defendants
Boston Police Department, Davis, Menino and/or City of
Boston including, but not limited to, the following
instances

    a.    Plaintiff informed Defendants Boston Police
Department, Davis and Menino of the refusal of
Station B-3 to arrest and/or to initiate
prosecution against Johnnie Smith for malicious
destruction of Plaintiff's property, pursuant
to M.G.L. c266, s127.

    b.    Plaintiff informed Defendants Boston Police
Department and Menino of the refusal of Station

B-3 to arrest and/or to initiate prosecution against Sherry Walker for harassing and threatening phone calls against Plaintiff, pursuant to M.G.L. c265, s43A

c.  Plaintiff informed Defendants Boston Police Department and Menino of the refusal of Station B-3 to arrest and/or to initiate prosecution against Sherry Walker for malicious destruction of Plaintiff's property, pursuant to M.G.L. c266, s127 and larceny over $250.00, pursuant to M.G.L. c266, s30.

d.  Plaintiff informed Defendants Boston Police Department and Menino of the refusal of Station B-3 to arrest and/or to initiate prosecution against Sherry Walker for non-compliance of a probate court order pertaining to visitation pursuant to M.G.L. c265, s26A.

e.  Plaintiff informed Defendants Boston Police Department, Davis and Menino of the refusal of Station B-3 to arrest and/or to initiate prosecution against Kevin McClerkin for malicious destruction of Plaintiff's property, pursuant to M.G.L. c266, s127, and larceny over $250.00, pursuant to M.G.L. c266, s30

43.     The repeated refusal of Defendant Boston Police
Departments to compel its employees and its officers
to arrest and/or to initiate prosecution of any
individual that committed a criminal offense against
Plaintiff, to enforce the Massachusetts General Laws
and to provide Plaintiff access to its Rules Book and
interdepartmental documents impeded, hindered,
obstructed and defeated the due course of justice with
the intent to deny Plaintiff his constitutional right
to equal protection of the law, in violation of
Article I and X of the Massachusetts Declaration of
Rights and the Fourteenth Amendment of the U.S.
Constitution

44.     The repeated refusal of Defendants Davis, Menino
and City of Boston, to compel Defendant Boston Police
Department, its employees and its officers to arrest
and/or to initiate prosecution of any individual that
committed a criminal offense against Plaintiff and to
enforce the Massachusetts General Laws impeded,
hindered, obstructed with the intent to deny Plaintiff
his constitutional right to equal protection of the in
violation of Article I and X of the Massachusetts
Declaration of Rights and the Fourteenth Amendment of
the U.S. Constitution

45.     As a direct and proximate result of Defendants'
actions, plaintiff suffered the damages above

**COUNT V: VIOLATION OF 42 U.S.C SECTION 1986 BY DEFENDANTS**

**BOSTON POLICE DEPARTMENT, DAVIS, MENINO, AND CITY OF**

**BOSTON**

46.     The Plaintiff restates the allegation in
paragraphs 1 through 45 and incorporates said
paragraphs herein as paragraph 46

47.     Defendants Boston Police Department, Davis,
Menino and City of Boston were aware that employees
and officers of Defendant Boston Police Department
were complicit in the conspiracy with officers of the
Commonwealth to impede, to hinder, to obstruct, and to
defeat the due course of justice in order to deny
Plaintiff equal protection of the Massachusetts
General Laws and were committing additional acts to
deny Plaintiff said equal protection of the
Massachusetts General Laws, had the ability, authority
and responsibility to prevent the denial of
Plaintiff's equal protection of the Massachusetts
General Laws, and failed and refused to insure
Plaintiff's constitutional right to equal protection
of the Massachusetts General Laws.

48.    As a direct and proximate result of Defendants'
actions, Plaintiff suffered the damages above

## COUNT VI: VIOLATION OF M.G.L. c258, s2 BY DEFENDANTS
## DAVIS AND MENINO

49.    The Plaintiff restates the allegation in
paragraphs 1 through 48 and incorporates said
paragraphs herein as paragraph 49

50.    Defendants Davis and Menino are liable for the
injury and losses incurred by Plaintiff as a result of
the refusal of the officers and employees of Defendant
Boston Police Department to arrest and/or to initiate
prosecution of any individuals who have committed
criminal offenses against Plaintiff and for the
refusal of officers and employees of Defendant Boston
Police Department to allow Plaintiff access to
Defendant Boston Police Department's Rule book and
interdepartmental documents

51.    As a direct and proximate result of Defendants'
actions, Plaintiff suffered the damages above

Wherefore, the Plaintiff requests This Court:

1.    Award compensatory damages:

2.    Award punitive damages against Defendants Boston
Police Department, Davis and Menino of
$10,000,000:

3.   Award the costs of this action, including

reasonable legal fees: and

4.   Award such other relief as This Court deems

necessary and appropriate

**JURY TRIAL DEMAND**

A jury trial is demanded

Respectfully

Lawrence Watson

Pro Se

P.O. Box 566

Boston, MA 02124

(617) 544-7365

January 13, 2011